# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES H. MONTGOMERY, III,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
   SECURITY,
        Agency.

DOCKET NUMBER
DC-1221-21-0305-W-1

DATE: May 1, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

James H. Montgomery, III, Augusta, Georgia, pro se.

David Myers, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication, including a hearing, in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

At all times relevant to this appeal, the appellant occupied the position of GS-14 Supervisory Civil Rights Analyst with the Federal Emergency Management Agency (FEMA)'s Office of Equal Rights (OER). In his March 20, 2021 initial appeal to the Board, he claimed that his superiors denied his within-grade increase and committed harmful procedural error in "terminating" his approved sick leave. Initial Appeal File (IAF), Tab 1 at 3, 5. He also stated that management retaliated against him for participating in protected activity, specifying that he "filed complaints and provided oral and written testimony in inquiries reviewing [OER's] toxic work environment." *Id.* at 5. The appellant requested a hearing. *Id.* at 2. The administrative judge issued a jurisdictional show-cause order addressing all of the appellant's claims, including his claim of whistleblower retaliation. IAF, Tab 3.

In his response, the appellant stated, inter alia, that he filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) in which he claimed that management had retaliated against him for his participation in investigations of actions and the work environment of OER. IAF, Tab 7 at 6. In his response to a subsequent jurisdictional order, IAF, Tab 13, the appellant alleged "gross mismanagement, abuse of authority, and harassment that created a hostile work environment in the OER" in connection with the following personnel actions: (1) suspending him in October 2019; (2) placing him on a performance improvement plan (PIP) and denying his within-grade increase on November 18, 2020; (3) retroactively denying his previously approved sick leave, and (4) failing to provide him "timely guidance and feedback on [his] assignments." IAF, Tab 14 at 5-9. The appellant asserted that these actions were taken by three specific OER supervisors. *Id.* at 5. He further alleged that the actions were in retaliation for the following protected disclosures and activities: (1) his March 19, 2019 response to an Office of Inspector General (OIG) questionnaire; (2) his participation in an OIG interview on June 12, 2019, regarding OER management and the Anti-Harassment Program; (3) a statement he provided to the

agency's Office of Professional Responsibility (OPR) on November 21, 2019, regarding the work environment in the OER; (4) his testimony to the agency's OPR on June 25, 2020, regarding an investigation of the OER work environment; (5) an undated letter he wrote to the then-FEMA Administrator, "to register [his] opposition to [retroactive sick leave denial] and other abuse of power actions by the OER leadership;" and (6) his statement to the agency's Deputy Associate Administrator regarding the OER work environment. *Id.* at 5-7. In support of his claim of retaliation, the appellant also submitted numerous documents, including an unsigned and undated copy of his affidavit in connection with an EEO complaint in which he alleged discrimination based on race, national origin, sex, and age, as well as retaliation for previous EEO activity, *Id.* at 34-46, and a partial copy of what appeared to be a second EEO complaint. *Id.* at 92-93.

In its response, the agency urged that the appeal be dismissed for lack of jurisdiction because the appellant failed to exhaust his remedy before OSC, because retaliation based on EEO matters cannot be heard in an IRA appeal, and because the appellant failed to nonfrivolously allege that he made protected disclosures that were a contributing factor in a covered personnel action. IAF, Tab 15.

In an initial decision based on the written record, the administrative judge first found that the appellant failed to establish Board jurisdiction as an otherwise appealable action over both the alleged denial of his within-grade increase and the termination of his previously approved leave. IAF, Tab 16, Initial Decision (ID) at 6-8. In addressing the appellant's IRA appeal, the administrative judge found that he failed to show that he exhausted his claims before OSC, ID at 12-15, with the exception of his allegation of retaliation for EEO activity, but that that claim could not be heard in the context of an IRA appeal. ID at 15-17. On review of the appellant's specific responses to the jurisdictional issues, the administrative judge found that some of the alleged actions of which the appellant complained were not covered personnel actions, ID at 24-26, and

that he failed to make a nonfrivolous allegation that he engaged in whistleblowing activity regarding several of his proffered disclosures and activities, warranting a dismissal of all claims predicated upon such unprotected disclosures and activities. ID at 17-21. The administrative judge also found that the appellant failed to make a nonfrivolous allegation that he engaged in whistleblowing activity by making a protected disclosure or engaging in protected activity regarding four of his disclosures/activities and that, therefore, the Board lacked jurisdiction over the appellant's allegations predicated on these disclosures/activities. ID at 21-24. Finally, the administrative judge found that the appellant's allegations and arguments did not constitute a nonfrivolous allegation that his disclosures or activities were a contributing factor in the agency actions at issue in this appeal. ID at 27-29. For all these reasons, the administrative judge dismissed the appellant's IRA appeal for lack of jurisdiction. ID at 1, 30.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, and the agency has filed a response, PFR File, Tab 3.

## ANALYSIS

<u>Contrary to the administrative judge's findings, the appellant exhausted his remedy with OSC regarding some disclosures and activities and some personnel actions.</u>

To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must have provided OSC with a sufficient basis to pursue an investigation into his allegations of whistleblower reprisal. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7; *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. Generally, exhaustion can be demonstrated through the appellant's OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's preliminary determination letter and other letters from OSC referencing the amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Skarada*, 2022 MSPB 17, ¶ 7; *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). Alternatively, exhaustion may

be proven through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in his appeal. *Skarada*, 2022 MSPB 17, ¶ 7; *Chambers*, 2022 MSPB 8, ¶ 11. To establish Board jurisdiction, the appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations. 5 C.F.R. § 1201.57(c)(1).

Although he did not submit a copy of his OSC complaint, the appellant did submit a copy of OSC's January 5, 2021 preliminary determination to close his complaint, and a copy of its January 19, 2021 final determination to close his complaint. IAF, Tab 7 at 33, 35. The administrative judge considered these two documents from OSC, but found that they were conclusory and provided very limited information concerning specific allegations raised by the appellant. ID at 14-15. We disagree.

In its preliminary determination, OSC acknowledged the appellant's claims that, from August 2018 to the present, he engaged in protected activity when he filed an EEO complaint and provided statements in five inquiries into alleged toxic management behavior in the OER and the taking of unlawful personnel actions and abuse of authority, and when he supported other employees in opposing adverse actions taken against them. IAF, Tab 7 at 35-36. OSC also acknowledged the alleged personnel actions of which the appellant complained as including a 2-day suspension in October 2019, a 5-day suspension in September 2020, a low performance rating on January 30, 2020, receiving no responses to travel vouchers he submitted, receiving insufficient feedback on work assignments, not having his sick leave requests properly addressed, a hostile work environment/harassment, being placed on a PIP, and being denied a within-grade increase. *Id.* at 35. In its final determination to close his complaint, OSC again described the appellant's claims that, on multiple occasions, he was asked to provide testimony in connection with internal agency administrative investigations, and that he filed complaints. *Id.* at 33. Because the appellant

raised these matters to OSC, as set forth above, he exhausted his remedy with OSC as to those matters.

<u>The administrative judge erred in determining that the appellant failed to make the necessary nonfrivolous allegations to support Board jurisdiction.</u>

In addition to proving that he exhausted his administrative remedies before OSC, in order to establish Board jurisdiction in an IRA appeal, an appellant must make nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); *see* 5 U.S.C. §§ 1214(a)(3), 1221(c)(1). Despite finding that the appellant failed to establish exhaustion, the administrative judge went on to consider whether the appellant nonfrivolously alleged that he made protected disclosures or engaged in protected activity that contributed to the agency's taking a covered personnel action against him. In determining that the appellant failed to make such allegations, the administrative judge relied upon and, in fact, quoted extensively from, an agency pleading submitted in its response to her order on proof and jurisdiction in which the agency made arguments regarding the evidence, and the administrative judge summarily adopted those findings. IAF, Tab 15; ID at 17-29.

In *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020), our reviewing court held that, "when evaluating the Board's jurisdiction over a whistleblower action, the question of whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face. The Board may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories

or whether the disclosures were a contributing factor to an adverse personnel action." *Id.* Because the administrative judge relied heavily on the agency's interpretation of the evidence, her findings on the sufficiency of the appellant's nonfrivolous allegations, with one exception, run afoul of *Hessami*.[2] Accordingly, we have reviewed the record to determine whether the appellant has alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Hessami*, 979 F.3d at 1369.

<u>The appellant nonfrivolously alleged that he made protected disclosures and engaged in protected activity.</u>

The appellant alleged below that he made protected disclosures and participated in protected activities. He referred to statements he made and answers he provided in investigatory interviews regarding the OER work environment, specifically, his statement to the agency's Deputy Associate Administrator on March 25, 2019, his responses to an OIG questionnaire on March 29, 2019, information he provided in an OIG interview on June 12, 2019, and testimony he provided to the OPR on November 21, 2019, and June 25, 2020, in connection with two investigations. IAF, Tab 7 at 7-8. According to the appellant, in all these instances, he detailed abuse of authority by OER leadership, including harassing behavior toward staff and employees who spoke out or filed complaints opposing abusive practices, rating employees unfairly, and not responding to their requests for constructive work feedback. *Id.* at 6.

---

[2] We agree with the administrative judge's finding that the Board lacks jurisdiction over the appellant's claim that the agency retaliated against him for having filed an EEO complaint in which he raised allegations of discrimination and retaliation for prior EEO activity. ID at 15-17. The Board lacks jurisdiction over such claims in the context of an IRA appeal because there is no indication that the substance of the complaint concerned remedying a violation of whistleblower retaliation under 5 U.S.C. § 2302(b)(8), and thus, it does not constitute a nonfrivolous allegation of protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020); *see Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 22 (explaining that, in line with long-standing administrative and judicial interpretation, Title VII-related claims are excluded from protection under whistleblower protection statutes).

We first address the appellant's alleged responses to and interview with the OIG. Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he cooperates with or discloses information to an agency's OIG or to OSC "in accordance with applicable provisions of law." Under that broadly worded provision, any disclosure to the OIG or OSC regardless of its content is protected so long as such disclosure is made in accordance with applicable provisions of law. *Fisher v. Department of the Interior*, 2023 MSPB 11 ¶ 8. Therefore, the appellant's claims that he responded to an OIG questionnaire and provided information in an OIG interview constitute a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C).

Regarding the appellant's alleged responses to the OPR's inquiries, we note that, prior to December 12, 2017,[3] the whistleblower protection statutory scheme at 5 U.S.C. § 2302(b)(9)(C) provided that "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law," is protected. However, on that date, section 1097(c)(1) of the National Defense Authorization Act of 2018 amended section 2302(b)(9)(C) to provide that, in addition to an agency's OIG or OSC, a disclosure to "any other component responsible for internal investigation or review" is also protected." *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 29. We need not determine whether the OPR is such a component. At this stage of the proceeding, the appellant is only required to make a nonfrivolous allegation that he engaged in protected activity. Regarding his alleged responses to the OPR's inquiries, we find that the appellant has done so.[4]

As noted, the appellant also alleged that he made protected disclosures in statements to the agency's Deputy Associate Administrator. According to the

---

[3] All events at issue took place after December 12, 2017, the effective date of the National Defense Authorization Act of 2018.

[4] During the merits portion of his appeal on remand, the appellant will be required to establish, inter alia, that the OPR is, in fact, "a component responsible for internal investigation or review."

appellant, he told the Deputy Associate Administrator that the OER is a toxic office, that it lacks integrity, and that those whose views are different than management's are subjected to deliberate attacks on their ability and competence. IAF, Tab 8 at 14. To the extent the appellant's claims purport to suggest an abuse of authority within the OER, we note that, for purposes of the Whistleblower Protection Act, an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to other preferred persons. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013). To the extent the appellant's claims purport to suggest gross mismanagement within the OER, gross mismanagement means Government action or inaction which creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission. *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 12 (2013). An appellant's disclosures must be specific and detailed, however, not vague allegations of wrongdoing regarding broad or imprecise matters. *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006). Here, we find that, as the appellant describes them, the disclosures he made to the agency's Deputy Associate Administrator are conclusory and lacking in specificity and, as such, do not constitute nonfrivolous allegations that support IRA jurisdiction.

The appellant nonfrivolously alleged that he was subjected to covered personnel actions.

We have found that the appellant exhausted his remedy with OSC as to five alleged personnel actions that he raised in his appeal to the Board: his October 2019 suspension, his placement on a PIP, the denial of his within-grade increase, the retroactive denial of his sick leave requests, and the agency's failure to provide him with feedback on his work assignments. He has nonfrivolously alleged that the first four actions are covered personnel actions under 5 U.S.C. § 2302(a)(2)(A)(iii) and (ix). Regarding the fifth alleged action, the agency's

failure to provide him with feedback on his work assignments, the appellant has not alleged facts that would support a finding that any such failure on the agency's part resulted in a significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A)(xii). In *Skarada*, 2022 MSPB 17, ¶¶ 15-16, the Board clarified, that under this category of covered personnel action, the change must have a practical and significant impact on the overall nature of an employee's working conditions, responsibilities, or duties. Other than stating that the agency failed to provide him with feedback on his work assignment and that managers' responses often came after a project's deadline, IAF, Tab 14 at 8, the appellant has not indicated that the agency's action had a significant impact on his working conditions, and therefore, he has not made a nonfrivolous allegation that the agency's action constituted a covered personnel action.

The appellant nonfrivolously alleged that his protected activity was a contributing factor in some personnel actions.

To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant need only raise a nonfrivolous allegation that the fact or the content of the protected disclosure, or the fact of the protected activity, was one factor that tended to affect a covered personnel action in any way. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, 13 (2016). One way to establish the contributing factor criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the protected disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Ontivero v. Department of Homeland Security*, 117 M.S.P.R. 600, ¶ 21 (2012). Regarding the knowledge part of the knowledge/timing test, the appellant asserts that his protected activity

was directed at OER leadership, and that they were aware of the statements, allegations, participation, and opposition and were required to respond by affidavit to the issues raised. IAF, Tab 8 at 14. Given that these individuals were the same persons who were responsible for the alleged covered personnel actions (the appellant's two first-level supervisors and his second-level supervisor), we find that the appellant has raised a nonfrivolous allegation that they had knowledge of his involvement in the OIG and OPR inquiries. Regarding the timing portion of the knowledge/timing test, the appellant asserts that he answered the OIG's questionnaire on March 19, 2019, and was interviewed by the OIG on June 12, 2019, and that he provided testimony to the OPR on November 21, 2019, and June 25, 2020. IAF, Tab 7 at 4-5. He further asserts that the agency suspended him on October 10, 2019, placed him on a PIP and denied his within-grade increase on November 18, 2020, and retroactively denied his sick leave request on October 28, 2020. IAF, Tab 14 at 9. Under the circumstances, we find that the appellant has nonfrivolously alleged that a reasonable person could conclude that the protected activity was a contributing factor in the covered personnel actions. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 25 (2016) (finding that a personnel action that occurs within 2 years of a protected disclosure satisfies the timing portion of the knowledge/timing test).

Because the appellant has established the Board's jurisdiction over his IRA appeal, it must be remanded to the regional office for adjudication on the merits, including the hearing the appellant requested. *Linder*, 122 M.S.P.R. 14, ¶ 6.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall address the appellant's claimed protected activity of making statements and responding to OIG regarding the OER work environment,

and his similarly responding to the OPR. The administrative judge shall further address the appellant's following claimed personnel actions: his October 2019 suspension, his placement on a PIP and the denial of his within-grade increase, and the retroactive denial of his sick leave requests.


FOR THE BOARD: 

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.